IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>Plaintiff,<br><br><br>v.<br><br><br>JUDICIAL COUNCIL OF THE UNITED<br>STATES COURT OF APPEALS FOR THE<br>THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his<br>official capacity;<br>JUDGE PATTY SHWARTZ, in her official<br>capacity,<br>Defendants. | Civ. No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# TABLE OF CONTENTS

NATURE OF THE ACTION ................................................... 3

SUMMARY OF COUNTS ..................................................... 5

TABLE OF CLAIMS AND RELIEF ........................................ 6

JURISDICTION AND VENUE ............................................... 7

ACTUAL CONTROVERSY .................................................... 8

PARTIES ........................................................................... 8

COUNT I: DECLARATORY RELIEF — VOID ORDERS ISSUED WITHOUT
STATUTORY AUTHORITY ................................................... 9

COUNT II: RETALIATION AND DENIAL OF ACCESS TO PROCESS ........................... 14

COUNT III: INJUNCTIVE RELIEF — ENFORCEMENT OF VOID ORDERS ................. 18

COUNT IV: CONDITIONAL CLAIM – FIRST AMENDMENT CHALLENGE ................. 21

PRAYER FOR RELIEF ...................................................... 24

VERIFICATION ................................................................ 25

## NATURE OF THE ACTION

Plaintiff, Michael Miller, filing se, brings this action for declaratory and injunctive relief, and alleges as follows:

1.  Plaintiff seeks declaratory and injunctive relief against officials of the Judicial Council of the Third Circuit. Their actions exceeded the limited administrative authority Congress gave them under the Judicial Conduct and Disability Act and are not valid under federal law. Rule 2(a) of the Judicial Conduct and Disability Rules states: "These Rules are mandatory; they supersede any conflicting judicial-council rules." The absence of an Article III controversy in the underlying administrative process does not affect this Court's jurisdiction over the present suit.

2.  Proceedings under the Judicial Conduct and Disability Act are administrative oversight matters. They are not Article III "cases" or "controversies" between adverse parties, and the officials conducting them are not acting as judges in their adjudicative capacity. The Act was enacted by Congress to implement the Constitution's requirement that federal judges serve only during good behaviour, providing the public with a process to address conduct prejudicial to the administration of the courts. The Act assigns Chief Judges and Judicial Councils narrowly defined duties that must be performed in strict compliance with the procedures Congress required in 28 U.S.C. §§ 352–354 and the implementing Rules. When those procedures are not followed, the resulting orders have no legal effect, and the statutory "finality" in 28 U.S.C. § 357(c) does not apply.

3.  Plaintiff filed verified complaints of misconduct under 28 U.S.C. § 351. The Acting Chief Judge, Defendant Hardiman, dismissed them without identifying the complaints, making factual findings, or applying Rule 4 or Rule 11. Defendant Shwartz, signing on behalf of the

3

Judicial Council, adopted that result and imposed a filing restriction under Rule 10—without applying the Rule 10 standard, disclosing a Council vote, citing any record evidence, or giving reasons, as reflected in contemporaneous records and public orders. Officials invoked the statute but ignored the Rules that give it force.

4. The restriction remains in effect. It blocks Plaintiff from filing new complaints and shields the officials who imposed it. It cuts off access to the only process Congress provided for reporting judicial misconduct—a process that, under § 351(a) and Rule 3(c), is open to "any person" and exists to serve the public interest in judicial accountability. This process is one of the few statutory means by which the constitutional good behaviour standard for federal judges is given practical effect, and its availability is held in trust for the public's interest in judicial integrity.

5. Plaintiff alleges an ongoing, concrete injury caused by Defendants' ultra vires administrative orders—an injury that would be redressed by a declaration that those orders are void and an injunction barring their enforcement.

6. Plaintiff asks the Court to declare the challenged orders void, to bar enforcement of the filing restriction, and to require compliance with the statute before officials take similar actions in the future. If the Court finds that the Judicial Council acted within the authority granted by §§ 352–354 and Rule 10, Plaintiff alternatively seeks a declaration that the statute, as applied, violates the First Amendment by authorizing standardless restrictions on protected petitioning activity in violation of *Grayned v. City of Rockford*, 408 U.S. 104 (1972), and *McDonald v. Smith*, 472 U.S. 479 (1985).

7. This case does not seek review of judicial rulings. It asks whether administrative officials within the judiciary may treat their own violations of law as final and binding. That is a live controversy and a purely legal question within this Court's power to decide.

8. Plaintiff maintains contemporaneous records of these proceedings, consistent with the allegations herein, which will be provided in subsequent filings as necessary.

## SUMMARY OF COUNTS

- **Count I — Declaratory Relief (Void Orders)**

   Defendants acted without jurisdiction under 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability Rules by dismissing verified complaints and imposing restrictions without the factual inquiry, written findings, record review, or Council vote that Rule 2(a) makes mandatory. Such orders are ultra vires and have no legal effect under § 357(c).

- **Count II — Retaliation and Denial of Access**

   Defendants imposed the June 27, 2025 Rule 10 restriction in direct response to Plaintiff's protected petitions under Rules 18 and 19. This retaliatory prior restraint blocks access to the § 351(a) process, which Congress made available to "any person," and violates both statutory rights and the First Amendment.

- **Count III — Injunctive Relief (Enforcement of Void Orders)**

   The June 27, 2025 restriction is void because it rests on prior unlawful dismissals and fails Rule 10's prerequisites: no Council vote, no identification of "repetitious, harassing, or frivolous" filings, and no record support. Continued enforcement causes ongoing, irreparable harm to Plaintiff and to the public oversight function of § 351.

- **Count IV — Conditional First Amendment Challenge**

If the Court deems the restriction statutorily authorized, the statute and Rules, as applied, violate the First Amendment by authorizing content-based prior restraints and retaliation without clear standards, narrow tailoring, or procedural safeguards. The application here chills protected petitioning and nullifies Congress's "any person" guarantee in § 351(a).

### TABLE OF CLAIMS AND RELIEF

| Count | Claim Description | Corresponding Relief Requests |
|---|---|---|
| Count I – Declaratory Relief: Void Orders | Orders issued Feb. 26, May 13, and June 27, 2025 were ultra vires and void under §§ 352–354 and Judicial Conduct Rules. | 1. Declaration of Voidness<br><br>2. Declaration on Finality |
| Count II – Retaliation and Denial of Access | June 27, 2025 restriction imposed in retaliation for protected petitions; blocks statutory right under § 351(a). | 3. Pending Complaint Status<br><br>4. Injunction Against Restriction Enforcement |
| Count III – Injunctive Relief: Enforcement of Void Orders | Ongoing enforcement of June 27, 2025 restriction without jurisdiction or compliance with Rule 10 and §§ 352–354. | 4. Injunction Against Restriction Enforcement<br><br>5. Prospective Compliance Requirement |
| Count IV – Conditional First Amendment Challenge | If restriction deemed lawful under statute, as-applied scheme violates First Amendment. | 6. Alternative Constitutional Declaration |
| All Counts | Structural integrity of statutory oversight process and public right of access. | 7. Other Relief |

9. This Court has jurisdiction under 28 U.S.C. § 1331 because the case arises under the Constitution and federal law, including the First Amendment. This case presents a live Article III controversy notwithstanding the non-adjudicative nature of the underlying proceedings. As set forth in the jurisdictional statements for each count, this distinction applies to all claims herein. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 to remedy ongoing violations of federal statutory procedure.

10. Defendants are not sued for judicial acts. In the proceedings that produced the challenged orders, they exercised only limited administrative authority under the Judicial Conduct and Disability Act. That Act was enacted by Congress to implement the Constitution's requirement that federal judges serve only during "good behaviour", and its procedures are the means by which that standard is given practical effect. Those proceedings were not Article III "cases" or "controversies," but internal administrative processes. Because they were not adjudicating a dispute between adverse parties, the protections and finality rules that apply to judicial decisions in Article III cases do not apply.

11. This action, by contrast, presents a live Article III case or controversy. Plaintiff is presently subject to, and injured by, an ongoing filing restriction imposed by Defendants. That restriction blocks his statutory right under 28 U.S.C. § 351 to submit misconduct complaints, causing concrete and continuing harm. The injury is traceable to Defendants' orders and would be redressed by a declaration and injunction restoring access to the process.

12. Section 357(c) grants finality only to actions taken in compliance with the Act. It does not shield orders issued without jurisdiction, without findings, or in violation of mandatory procedures. Actions that exceed statutory authority are ultra vires and void. This Court has

authority under 28 U.S.C. §§ 1331 and 2201 to declare those actions void and to enjoin their enforcement. Plaintiff seeks no damages—only prospective relief against continuing harm caused by unlawful administrative orders. Judicial immunity does not apply. See *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) (injunctive relief available against judicial officers acting officially); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 42 (2021) (courts may enjoin a "rule of [a judge's] own creation").

13. Venue is proper under 28 U.S.C. § 1391(e)(1) because: (1) Plaintiff resides in this district; (2) a substantial part of the events giving rise to the claim occurred here; and (3) Defendants are federal officials sued in their official capacities.

## ACTUAL CONTROVERSY

Plaintiff and Defendants are engaged in a present dispute concerning the validity and enforceability of specific administrative orders issued under the Judicial Conduct and Disability Act. These orders remain in effect and presently restrict Plaintiff's rights to file judicial misconduct complaints. The parties have adverse legal interests, and the dispute is concrete, substantial, and ongoing. Declaratory and injunctive relief will conclusively determine the legal rights of the parties and resolve the controversy.

## PARTIES

14. Plaintiff Michael Miller is a citizen of the United States and a resident of Lancaster County, Pennsylvania, within the Eastern District of Pennsylvania. He resides in this district for purposes of 28 U.S.C. § 1391(e)(1).

15. Plaintiff filed verified judicial misconduct complaints under 28 U.S.C. § 351. He brings this action to challenge administrative acts taken under the Judicial Conduct and Disability Act that exceeded statutory and procedural authority. He does not seek damages or review of

judicial rulings but requests prospective relief against ongoing administrative enforcement. This action arises from a live Article III controversy notwithstanding the non-adjudicative nature of the underlying proceedings.

16. Defendant Judicial Council of the United States Court of Appeals for the Third Circuit is an administrative body established by 28 U.S.C. § 332(d)(1). It is responsible for reviewing judicial misconduct complaints and ensuring compliance with §§ 352–354 and the Judicial Conduct and Disability Rules. Plaintiff sues the Council in its official capacity for ultra vires actions taken without jurisdiction or procedural compliance.

17. Defendant Judge Thomas M. Hardiman is a Circuit Judge of the Third Circuit. On February 26 and April 15, 2025, he exercised administrative authority under Rule 25(f) as Acting Chief Judge and issued orders dismissing Plaintiff's verified complaints. These actions were taken in an administrative—not adjudicative—capacity and are challenged in his official capacity only.

18. Defendant Judge Patty Shwartz is a Circuit Judge of the Third Circuit and a member of the Judicial Council. She signed the June 4 and June 27, 2025 orders denying review and imposing a filing restriction under Rule 10. These orders were administrative in nature and issued without findings, procedural compliance, or jurisdiction under the Act. She is sued in her official capacity.

## COUNT I: DECLARATORY RELIEF — VOID ORDERS ISSUED WITHOUT STATUTORY AUTHORITY
*(Against: Defendants Hardiman and Judicial Council)*

19. **Claim:**

Plaintiff seeks a declaration that Defendants acted without legal authority under the Judicial

Conduct and Disability Act by issuing orders without following the mandatory procedures required by 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability Rules, which under Rule 2(a) "are mandatory" and supersede conflicting practices. Because these procedures define the scope of jurisdiction under the Act, Defendants' actions were ultra vires and carry no legal effect under 28 U.S.C. § 357(c).

20. **Incorporation by Reference:**

Plaintiff realleges and incorporates by reference paragraphs 1–13 as though fully set forth herein, solely for purposes of this Count, to the extent consistent with the allegations herein.

21. **Jurisdictional Statement:**

This claim arises under federal law, including 28 U.S.C. §§ 351–364 and § 2201. The Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff challenges ongoing harm caused by ultra vires administrative actions. The orders at issue were issued in Judicial Conduct and Disability Act proceedings, which are administrative in nature and not Article III "cases" or "controversies." The Act was enacted by Congress to implement the Constitution's requirement that federal judges serve only during good behaviour, and compliance with its provisions is necessary to preserve that constitutional safeguard. Accordingly, those orders do not receive the protections or finality that apply to judicial decisions in adjudicative cases. This lawsuit, by contrast, is a live Article III case or controversy: Plaintiff is presently subject to an unlawful filing restriction, causing concrete and continuing injury traceable to Defendants' actions and redressable by declaratory relief. Judicial immunity does not apply. See *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

22. **Legal Standard:**

To obtain declaratory relief under 28 U.S.C. § 2201, a plaintiff must show:

(1) a live controversy,

(2) arising under federal law,

(3) between parties with adverse legal interests, and

(4) resolvable by a judicial declaration.

See *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Declaratory relief is appropriate to challenge facially unlawful administrative orders by judicial officials. See *Stern v. U.S. Dist. Ct. for D. Mass.*, 214 F.3d 4, 11 (1st Cir. 2000).

23. **Factual Allegations Establishing Void Administrative Action — Statutory and Rule Violations by Section:**

24. 28 U.S.C. § 352(a)–(b) — No limited factual inquiry; no finding whether the facts were plainly untrue or incapable of proof; no determination whether corrective action had been or could be taken; no written order stating reasons as required by § 352(b).

25. Rule 11(c) — No memorandum or individualized review of each verified complaint as required by § 352(b) and Rule 11(c).

26. 28 U.S.C. § 353 — No special committee appointed despite unresolved allegations after § 352 review, in violation of § 353(a).

27. 28 U.S.C. § 354(a) — Judicial Council acted without reviewing the record, without disclosing a vote, and without taking action "to assure the effective and expeditious administration of the business of the courts" as required by § 354(a)(1)(C).

28. Rule 19(b), (d), (f) — No written decision explaining the basis for affirmance; no record citation; no vote disclosure as required by Rule 19.

29. Rule 10(a)(1) — Later restriction issued without a Council vote, without identifying any specific "repetitious, harassing, or frivolous" filings, and without citing supporting evidence.

30. Rule 10(c) — No reasoned written order accompanying the restriction, contrary to Rule 10(c).

31. Plaintiff Michael Miller resides in Lancaster County, Pennsylvania, within the Eastern District of Pennsylvania.

32. Plaintiff filed verified complaints of judicial misconduct under 28 U.S.C. § 351.

33. The complaints alleged that federal judges obstructed adjudication by refusing to rule on motions, recharacterizing filings, and distorting docket records.

34. Plaintiff supported the complaints with docket citations and specific factual examples.

35. On February 26, 2025, Defendant Hardiman, acting as Chief Judge under Rule 25(f), issued an order purporting to dismiss Plaintiff's verified complaints.

36. Defendant Hardiman did not conduct the "limited inquiry" required by 28 U.S.C. § 352(a). He did not determine whether corrective action had been or could be taken, and he did not determine whether the facts stated in the complaints were plainly untrue or incapable of being established through investigation. He did not request a response from the subject judge or communicate with the complainant, as permitted under § 352(a). He did not identify what facts he reviewed or what standard he applied.

37. Instead, Defendant Hardiman concluded that the complaints were "merits-related"—a label not recognized in § 352(a). He relied on a legal conclusion without addressing the facts stated in the complaint or considering whether those facts could support corrective action or investigation. He undertook no factual review of any kind. This was not the limited inquiry Congress authorized; it was a summary legal ruling issued without the procedures § 352 requires.

38. The order did not state any reasons as required by § 352(b) or Rule 11(c). It did not specify which provision of the statute or Rules governed the dismissal, what material had been considered, or how the conclusion was reached. It therefore lacks legal effect under § 357(c).

39. Plaintiff filed a petition for review under Rule 18.

40. On May 13, 2025, the Judicial Council denied the petition without issuing a memorandum or disclosing a vote.

41. Plaintiff submitted a Rule 19 objection alleging that the Council failed to follow required procedures.

42. Plaintiff asked the Council to vacate its order and issue a compliant ruling.

43. On June 4, 2025, the Council stated it would treat the objection as a Rule 21 petition for review.

44. The Council did not notify Plaintiff that Rule 21 review had begun, identify what it was reviewing, or allow Plaintiff to respond.

45. On June 27, 2025, Defendant Shwartz signed an order restricting Plaintiff from filing new misconduct complaints without approval.

46. The order cited no record, findings, or vote. It did not apply Rule 10 or identify any abuse by Plaintiff.

47. The Council directed Plaintiff to return to a process it had already declared final.

48. The restriction remains in effect. The underlying complaints remain unresolved.

49. The Council has not found that Plaintiff's complaints were false or abusive and has not ruled on the merits of any individual complaint.

50. These actions were taken under the Judicial Conduct and Disability Act, but not in compliance with §§ 352–354 or the Rules required to give them effect. Without compliance, the Council lacked jurisdiction under § 357(c), and the resulting orders are void.

51. **Conclusion:**

Plaintiff has stated a claim for declaratory relief under § 2201. Because Defendants issued orders without the jurisdiction the Act requires, those orders are void and cannot be enforced under § 357(c).


## COUNT II: RETALIATION AND DENIAL OF ACCESS TO PROCESS
*(Against: Defendants Judicial Council and Shwartz)*

52. **Claim:**

Plaintiff seeks a declaration that Defendants imposed a filing restriction in retaliation for protected complaints and objections and in violation of his statutory and constitutional right to access the process Congress established under 28 U.S.C. § 351. Section 351(a) authorizes complaints from "any person," and Rule 3(c) confirms that traditional standing limitations do not apply. Blocking access to that process burdens not only Plaintiff's rights but the public's statutory entitlement to a functioning oversight system. The restriction is unlawful and void, imposed without the standards and safeguards required by §§ 352–354 and the Judicial Conduct and Disability Rules, and in retaliation for Plaintiff's exercise of rights protected by the First Amendment.

53. **Incorporation by Reference:**

Plaintiff realleges and incorporates by reference paragraphs 1–13 and 24–50 as though fully set forth herein, solely for purposes of this Count, to the extent consistent with the allegations herein.

54. **Jurisdictional Statement:**

This claim arises under the First Amendment, 28 U.S.C. §§ 351–364, and 28 U.S.C. § 2201. Jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff seeks prospective relief from ongoing enforcement of an administrative restriction imposed in non-adjudicative Judicial Conduct and Disability Act proceedings. Those proceedings were administrative oversight matters subject to statutory and rule-based limits, not Article III "cases" or "controversies." This lawsuit is a present Article III case or controversy: Plaintiff is injured by the continuing inability to file misconduct complaints — an injury traceable to Defendants and redressable by declaratory and injunctive relief.

55. **Legal Standard:**

Government restrictions on petitioning that are standardless, vague, or conclusory operate as unconstitutional prior restraints, which are subject to the most exacting scrutiny. See *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972) (laws must give fair notice and avoid arbitrary enforcement); *McDonald v. Smith*, 472 U.S. 479, 482–83 (1985) ("The right to petition is cut from the same cloth as other First Amendment guarantees").

A First Amendment retaliation claim requires: (1) protected activity, (2) adverse action by government officials, and (3) a causal connection between the two. See *Nieves v. Bartlett*, 587 U.S. 391 (2019).

A denial-of-access claim requires: (1) a protected right of access to process, (2) obstruction of that access by government officials, and (3) actual or imminent harm. See *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002).

56. **Statutory and Rule Violations by Section:**

57. 28 U.S.C. § 351(a) — Guarantees that "any person" may file a complaint; restriction nullifies this statutory right.

58. Rule 3(c) — Confirms that traditional standing limits do not apply; restriction forecloses public access Congress intended to preserve.

59. Rule 10(a)(1) — Restriction invalid where no Council vote occurred, no specific "repetitious, harassing, or frivolous" filings were identified, and no record evidence was cited.

60. Rule 10(c) — No reasoned written order accompanying the restriction, contrary to Rule 10(c).

61. Rule 19(b), (d), (f) — Requires record review, written decision, and vote disclosure; none occurred before restriction.

62. First Amendment (U.S. Const. amend. I) — Retaliatory prior restraint imposed immediately after Plaintiff filed protected Rule 18 and Rule 19 petitions.

63. *Trump v. CASA, Inc.*, 606 U.S. ___ (2025) — Illustrates systemic harm when procedural safeguards in public oversight are bypassed; supports urgency of relief.

64. **Factual Allegations Establishing Retaliation and Denial of Access:**

65. Between December 2024 and April 2025, Plaintiff filed verified complaints of judicial misconduct under 28 U.S.C. § 351.

66. On May 13, 2025, the Judicial Council denied Plaintiff's petition for review without issuing a memorandum or disclosing a vote.

67. On May 30, 2025, Plaintiff submitted a Rule 19 objection identifying procedural violations and requesting correction.

68. On June 4, 2025, the Council issued a show-cause order under Rule 10(a), proposing to restrict Plaintiff from filing further complaints.

69. The show-cause order did not identify any complaint as abusive, did not cite any record evidence, and did not apply Rule 10(a)'s standard.

70. On June 17, 2025, Plaintiff submitted a written response explaining that his complaints were verified, procedurally compliant, and protected by law.

71. On June 27, 2025, Circuit Judge Patty Shwartz signed an order imposing a filing restriction under Rule 10(a).

72. The order bars Plaintiff from submitting new misconduct complaints without prior approval.

73. The order did not cite the record, apply Rule 10, or disclose a Council vote.

74. The restriction was issued immediately after Plaintiff exercised rights protected by the First Amendment and 28 U.S.C. § 351, including petitions under Rules 18 and 19 challenging the Council's prior legal violations.

75. The restriction has no findings and does not identify any abuse or misconduct by Plaintiff.

76. The Council has not ruled on the merits of any of Plaintiff's complaints.

77. The restriction remains in force and blocks Plaintiff from accessing the only process Congress provided for reporting judicial misconduct.

78. **Conclusion:**

Plaintiff has identified a constitutionally and statutorily protected process (the § 351 complaint mechanism), the administrative act that obstructed it (the Rule 10 restriction), and the resulting ongoing harm, satisfying the standard under *Harbury* and *Nieves*. Because the restriction is both procedurally void and constitutionally defective, it must be declared invalid and enjoined.

## COUNT III: INJUNCTIVE RELIEF — ENFORCEMENT OF VOID ORDERS
*(Against: Judicial Council and its Officers in Official Capacity)*

79. **Claim:**

Plaintiff seeks an injunction prohibiting Defendants from enforcing a filing restriction issued without jurisdiction or statutory authority under the Judicial Conduct and Disability Act. The restriction was imposed without the findings, procedures, or legal standards that 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability Rules require. Because the order is void, its ongoing enforcement causes continuing harm and violates Plaintiff's statutory and constitutional rights.

80. **Incorporation by Reference:**

Plaintiff realleges and incorporates by reference paragraphs 1–13, 24–50, and 65–77 as though fully set forth herein, solely for purposes of this Count, to the extent consistent with the allegations herein.

81. **Jurisdictional Statement:**

This claim arises under federal law, including 28 U.S.C. §§ 351–364 and § 2202. The Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff seeks prospective relief against ongoing harm caused by ultra vires administrative actions. The orders and restrictions at issue were issued in Judicial Conduct and Disability Act proceedings, which are administrative in nature and not Article III "cases" or "controversies." The Act was enacted by Congress to implement the Constitution's requirement that federal judges serve only during good behaviour, and compliance with its provisions is necessary to preserve that constitutional safeguard. Accordingly, such orders do not receive the protections or finality that apply to judicial decisions in adjudicative cases. Judicial immunity does not bar prospective injunctive relief. See *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

82. **Legal Standard:**

To obtain injunctive relief, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if relief is denied, (3) that the balance of equities favors the plaintiff, and (4) that an injunction serves the public interest. See *Winter v. NRDC,* 555 U.S. 7 (2008). Federal courts may issue prospective injunctive relief against judicial officers acting in an administrative capacity. See *Pulliam*, 541–42.

83. **Statutory and Rule Violations by Section:**

84. 28 U.S.C. § 352(a)–(b) — No limited factual inquiry, no written reasons for dismissal, and no determination whether corrective action was possible.

85. Rule 11(c) — No memorandum explaining the dismissal or specifying the evidence considered.

86. Rule 19(b), (d), (f) — No written decision explaining the basis for affirmance, no vote disclosure, and no record review before affirming void dismissals.

87. Rule 10(a)(1) — Restriction issued without a Council vote, without identifying any specific "repetitious, harassing, or frivolous" filings, and without citing supporting evidence.

88. Rule 10(c) — No reasoned written order accompanying the restriction, contrary to Rule 10(c).

89. First Amendment (U.S. Const. amend. I) — Restriction imposed immediately after Plaintiff's protected petitioning activity, operating as a retaliatory prior restraint.

90. **Factual Allegations Supporting Injunctive Relief:**

91. On June 27, 2025, Defendant Shwartz signed an order on behalf of the Judicial Council restricting Plaintiff from filing further judicial misconduct complaints under 28 U.S.C. § 351.

92. The order cited Rule 10(a) but did not identify any specific complaint, filing date, or conduct as abusive.

93. The order did not describe what the Council reviewed, did not disclose whether the Council acted collectively under Rule 19(e), and did not provide any reasoned explanation as required by Rule 10(c).

94. The restriction rests entirely on prior dismissals that were not issued in compliance with § 352 or Rule 11.

95. Because the underlying actions were void, the Council had no valid basis for review under Rule 19 or restriction under Rule 10.

96. The restriction followed Plaintiff's protected activity, including a Rule 19 objection and Rule 18 petition challenging the Council's procedural violations.

97. The restriction remains in effect and bars Plaintiff from using the only process Congress created for reporting judicial misconduct.

98. Plaintiff continues to face misconduct in pending federal matters but is blocked from filing new complaints.

99. The Council treats the June 27 order as final and enforceable under § 357(c), even though it did not comply with the procedural requirements of §§ 352–354.

100. Plaintiff has no adequate remedy at law. He cannot appeal the administrative restriction, and he does not seek damages. The restriction continues to impede his access to oversight and causes irreparable harm.

101. Enforcement of the restriction undermines Congress's "any person" policy in § 351(a), deprives the public of a functioning oversight process, and chills protected petitioning activity in violation of the First Amendment.

102. **Conclusion:**

Because the restriction was imposed without jurisdiction under §§ 352–354 and violates the First Amendment, it is void. Continued enforcement exceeds the Council's authority, causes ongoing harm, and must be enjoined under § 2202 and equitable principles barring enforcement of a void order.

### COUNT IV: CONDITIONAL CLAIM — THE STATUTE AS APPLIED VIOLATES THE FIRST AMENDMENT
*(In The Alternative, Against All Defendants In Official Capacity)*

103. **Claim:**

In the alternative, if the Court concludes that Defendants acted within the scope of their statutory authority under 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability

Rules in imposing the June 27, 2025 filing restriction, then Plaintiff seeks a declaration that the statute and Rules, as applied, violate the First Amendment. The challenged regime authorizes content-based restrictions on protected petitioning activity without narrow tailoring, standards, or procedural safeguards.

104. **Incorporation by Reference:**

Plaintiff realleges and incorporates by reference paragraphs 1–13, 24–50, 65–77, and 91–101 as though fully set forth herein, solely for purposes of this Count, to the extent consistent with the allegations herein.

105. **Jurisdictional Statement:**

This claim arises under the First Amendment and 28 U.S.C. § 2201. Jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff seeks prospective relief from the ongoing application of a statutory scheme that, as applied in administrative Judicial Conduct and Disability Act proceedings, imposes standardless restrictions on protected petitioning activity. Those proceedings were not Article III adjudications but administrative oversight matters, subject to the procedural limits Congress enacted. This action is an Article III case or controversy: Plaintiff is presently injured by the continuing restriction, which is traceable to Defendants' actions and redressable by declaratory and injunctive relief.

106. **Legal Standard:**

A government restriction on petitioning activity must satisfy strict scrutiny if it is content-based, retaliatory, or operates as a prior restraint. See *United States v. Playboy Ent. Group*, 529 U.S. 803, 813 (2000); *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972). Even facially neutral statutes violate the First Amendment when they allow standardless suppression of protected expression, create a chilling effect, or operate without procedural

safeguards. See *Citizens United v. FEC*, 558 U.S. 310, 336 (2010); *Snyder v. Phelps*, 562 U.S. 443, 451 (2011); *McDonald v. Smith*, 472 U.S. 479, 482–83 (1985) ("The right to petition is cut from the same cloth as other First Amendment guarantees").

Also see *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (rejecting ipse dixit reasoning and requiring decisions to rest on analysis grounded in fact and law), and *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983) (agency action is invalid when it lacks a rational connection between facts found and the decision made).

107. **Factual Allegations:**

The incorporated paragraphs detail: (1) Defendants' issuance of orders and restrictions under the Judicial Conduct and Disability Act without required findings or procedures; (2) the imposition of a filing restriction immediately following Plaintiff's protected petitioning activity; and (3) the ongoing enforcement of that restriction to bar Plaintiff's access to the process Congress created in § 351.

108. **Statutory and Rule Defects as Applied:**

109. If Defendants' actions are deemed statutorily authorized, then the statute and Rules, as applied:

110. Authorize permanent restrictions on the right to report judicial misconduct based on undefined or discretionary criteria;

111. Permit prior restraints on petitioning protected by the First Amendment;

112. Allow retaliation against lawful complaints submitted through the process Congress enacted;

113. Impose restrictions without requiring record support, Council vote, or written explanation;

114. Prevent future oversight regardless of the merit, urgency, or substance of new complaints;

115. As applied, the statutory regime silences oversight rather than channels it. The restriction serves no compelling interest, is not narrowly tailored, and lacks the minimum safeguards the Constitution requires. It deters others from exercising the same statutory right and chills protected petitioning across the board.

116. **Conclusion:**

If the Court concludes that the June 27, 2025 filing restriction was lawfully imposed under §§ 352–354 and the implementing Rules, then the statute and Rules, as applied, violate the First Amendment. Plaintiff seeks a declaration that the statutory framework is unconstitutional in this application and that the filing restriction must be invalidated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

1. **Declaration of Voidness** – Declare that the orders issued on February 26, May 13, and June 27, 2025, are ultra vires and void because they were not issued in compliance with 28 U.S.C. §§ 352–354 or the Judicial Conduct and Disability Rules.

2. **Declaration on Finality** – Declare that those orders do not carry finality under 28 U.S.C. § 357(c) and do not bar Plaintiff from accessing the misconduct complaint process established by Congress in § 351.

3. **Pending Complaint Status** – Declare that Plaintiff's verified misconduct complaints remain legally pending and unresolved under §§ 352–354, and enjoin Defendants from closing, rejecting, or refusing to adjudicate those complaints unless and until they comply with all mandatory statutory and procedural requirements.

4. **Injunction Against Restriction Enforcement** – Enjoin Defendants from enforcing the June 27, 2025, filing restriction, including through rejection of new complaints, clerk directives, or any other administrative action that blocks Plaintiff's ability to file misconduct complaints under 28 U.S.C. § 351.

5. **Prospective Compliance Requirement** – Enjoin Defendants from issuing or enforcing any dismissal, restriction, or administrative sanction under 28 U.S.C. §§ 352–354 unless the action fully complies with all mandatory procedures, including but not limited to Rules 4, 6, 10, and 19 of the Judicial Conduct and Disability Rules.

6. **Alternative Constitutional Declaration** – Declare that, if the June 27 filing restriction was validly imposed under §§ 352–354 and the Judicial Conduct and Disability Rules, then the statute and Rules, as applied to Plaintiff, violate the First Amendment and are unconstitutional in this application.

7. **Other Relief** – Grant such other and further relief as the Court deems just and proper.

8. **Costs** – Award Plaintiff taxable costs of suit as permitted by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

## VERIFICATION

I, Michael Miller, declare under penalty of perjury under the laws of the United States that the factual allegations in this Complaint are true and correct to the best of my knowledge,

information, and belief. These allegations are based on my firsthand participation in the

proceedings described herein and on contemporaneous records I maintained of those

proceedings, including a detailed chronological index of filings, orders, and communications.

Those records accurately reflect the dates, content, and procedural posture of the events

described in this Complaint.

Executed on August 12, 2025.
*/s/ Michael Miller*
Michael Miller
Pro Se Plaintiff

---

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
Pro Se Plaintiff
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163
August 12, 2025