UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MILLER

    *Plaintiff*,

v.

JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;
JUDGE THOMAS M. HARDIMAN, in his official capacity;
JUDGE PATTY SHWARTZ, in her official capacity,

    *Defendants*.

Civ. No. 5:25-cv-04633-JFL

## **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**I. Introduction**

Plaintiff moves for a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. He asks the Court to enjoin enforcement of a filing restriction issued by the Judicial Council of the Third Circuit on June 27, 2025. That order bars him from submitting judicial misconduct complaints under 28 U.S.C. §§ 351–354.

Although the Council cited Rule 10 of the Judicial Conduct and Disability Rules, it did not follow the procedures that Rule requires. Rule 10(a)(1) permits a restriction only if a complainant has submitted "repetitious, harassing, or frivolous complaints" or otherwise "abused the complaint procedure," after a Council vote and a reasoned written order. None of those prerequisites occurred here.

1

The Council made no determination that Plaintiff abused the complaint process. It cited no record. It gave no explanation. The order blocks Plaintiff from using the only process Congress created to report judicial misconduct. The restriction was issued without legal authority and remains in force.

Plaintiff asks this Court to halt enforcement immediately. If the Court denies relief, that denial will raise a structural question appropriate for review under Supreme Court Rule 10.

---

**II. Factual Background**

Between December 4, 2024 and April 3, 2025, Plaintiff filed eleven verified judicial misconduct complaints under 28 U.S.C. § 351. These complaints alleged obstruction of adjudication, jurisdictional manipulation, and bias, supported by docket evidence and citing Rule 4 misconduct such as refusals to rule, undue delay, and docket manipulation.

The complaints arose from proceedings in *Miller v. [EDPA case no. 5:24-cv-05338]* and *Miller v. [MDPA case no. 1:24-cv-00014]*, where judges allegedly evaded merits adjudication through improper Rule 12(b)(1) and 12(b)(6) rulings, post-divestiture orders, and alterations to docket records. These underlying cases involved well-pleaded facial constitutional claims and structural jurisdictional defects, making the integrity of the judicial misconduct process essential to preserving appellate rights and public accountability.

On February 26 and April 15, 2025, Defendant Hardiman dismissed all complaints without the "limited inquiry" required by § 352(a), making no factual findings, no corrective-action determination, and giving no reasons as required by § 352(b) and Rule 11(c). On May 13, the Judicial Council denied petitions for review without findings, record citation, or vote disclosure, contrary to Rule 19.

In May 2025, Plaintiff was informally blocked from filing new complaints. On June 4, the Judicial Council issued a Rule 10 show-cause order (Ex. A) that identified no abusive complaint, cited no facts or record evidence, and applied no standard. On June 17, Plaintiff responded in writing (Ex. B), objecting under Rule 19 and detailing the Council's failures under Rules 10, 11, and 19. The Council did not address those objections.

Instead, on June 27, 2025, the Council issued a final restriction (Ex. C) under Rule 10(a) with no reasons, no vote disclosure, and no finding of abuse. That restriction relied solely on the procedurally void February 26 and May 13 actions, creating an unbroken chain of ultra vires orders. The restriction remains in force, and the Council has refused to process new complaints, effectively closing the process to Plaintiff and chilling his First Amendment right to petition.

---

### III. Legal Standard

To obtain a preliminary injunction, a plaintiff must show:

1. A likelihood of success on the merits; and
2. That irreparable harm is likely in the absence of relief.

If these "gateway factors" are satisfied, the court then considers:

3. Whether the balance of equities favors the plaintiff; and

4. Whether an injunction would serve the public interest.

*Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–77 (3d Cir. 2017).

In First Amendment cases, showing a likelihood of success often establishes irreparable harm and shifts the burden on the remaining factors to the government. *Reilly*, 858 F.3d at 179 & n.3.

Courts may enjoin judicial officers when they act administratively. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). They may also enjoin orders issued without authority. *Nguyen v. United States*, 539 U.S. 69, 77 (2003); *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). Rule 2(a) provides: "These Rules are mandatory; they supersede any conflicting judicial-council rules." The Council was bound to follow them.

---

## IV. Grounds for Injunctive Relief

### A. Likelihood of Success on the Merits

Plaintiff is likely to prevail because the June 27, 2025 restriction was imposed without statutory authority, process, or legal basis.

- Rule 10(a)(1) Standard Ignored — No finding that Plaintiff filed repetitious, harassing, or frivolous complaints; no identified docket numbers or pattern; no explanation of standard applied. (Ex. C.)
- Rule 10(b) and (c) Violations — Notice was given, but the Council never addressed Plaintiff's June 17 response (Ex. B) and issued no reasoned written order.
- Defective Predicate Orders — The February 26, 2025 dismissal violated § 352(a)–(b) and Rule 11(c) by making no factual findings, no corrective action determination, and giving no reasons. The Council's affirmance under Rule 19 was equally defective.
- Retaliation — The restriction followed Plaintiff's Rule 18 petition and Rule 19 objection, targeting protected petitioning activity. *McDonald v. Smith*, 472 U.S. 479, 482–83 (1985).

Finding-ready statement: The record demonstrates repeated violations of statutory procedure and binding Rules, rendering the June 27 restriction both procedurally void and unconstitutional as applied.

---

**B. Irreparable Harm**

The restriction cuts off the only statutory mechanism Congress created for reporting judicial misconduct. This is an ongoing, structural harm that meets *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

It also chills and punishes protected First Amendment petitioning. Timing supports a causal link to Plaintiff's prior protected activity (Exs. B & C).

Finding-ready statement: The ongoing denial of statutory access and the chilling of protected petitioning constitute irreparable harm.

---

**C. Balance of Equities**

Plaintiff seeks only to restore lawful access — no damages, no reversal of judicial decisions. The government has no legitimate interest in enforcing an unlawful restriction. *Mazza v. Sec'y of HHS*, 903 F.2d 953, 960 (3d Cir. 1990).

Finding-ready statement: The equities weigh strongly for Plaintiff because his relief is prospective, limited, and aimed solely at halting ongoing unlawful conduct.

---

**D. Public Interest**

The public interest in lawful and accessible judicial oversight is compelling. Rule 3(c) allows "any person" to file a complaint, confirming the process exists for public accountability, not just private litigants.

Vindicating First Amendment rights is always in the public interest. *Reilly*, 858 F.3d at 179 n.3.

Finding-ready statement: Halting enforcement of the June 27 restriction directly serves Congress's oversight policy and the public's trust in judicial accountability.

**VI. Exhibits**

Plaintiff attaches the following exhibits in support of this motion:

- Exhibit A – Judicial Council Order to Show Cause (June 4, 2025)

  An order issued by the Judicial Council of the Third Circuit proposing to restrict Plaintiff from filing further judicial misconduct complaints under Rule 10(a). The order does not identify any complaint as abusive, cite any record, or apply the required legal standard. It also preemptively suspends access to the complaint process during the show-cause period.

- Exhibit B – Plaintiff's Written Response to Show Cause Order (June 17, 2025)

  A written response submitted by Plaintiff identifying procedural defects in the Council's actions, including failure to conduct a Rule 11 inquiry, issue supporting memoranda under Rule 11(c), or comply with the review obligations of Rule 19. The response argues that no valid basis exists for a filing restriction under Rule 10.

- Exhibit C – Judicial Council Order Imposing Filing Restriction (June 27, 2025)

  The operative order imposing a filing restriction on Plaintiff under Rule 10(a). The order cites no findings of abuse, no record evidence, and no Council vote. It follows Plaintiff's

protected activity and implements a restriction without satisfying the mandatory prerequisites of the Judicial Conduct and Disability Rules.

---

**VII. Relief Requested**

Plaintiff respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the following relief:

1. **Enjoin Enforcement** — Issue a preliminary injunction enjoining Defendants from enforcing the June 27, 2025 filing restriction issued under Rule 10 of the Judicial Conduct and Disability Rules;

2. **Restore Access** — Enjoin Defendants from rejecting, refusing to process, or instructing clerks to block any new misconduct complaints submitted by Plaintiff under 28 U.S.C. § 351;

3. **Bar Reliance on Void Orders** — Enjoin Defendants from treating the February 26, May 13, or June 27, 2025 orders as final or binding under 28 U.S.C. § 357(c), and from using those orders to bar Plaintiff from statutory access to the misconduct complaint process;

4. **Adjudicate Pending Complaints Lawfully** — Enjoin Defendants from closing or declining to adjudicate Plaintiff's pending verified complaints unless and until they comply with all mandatory statutory and procedural requirements under 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability Rules;

5. **Comply with Rules in Future Proceedings** — Enjoin Defendants from issuing or enforcing any future dismissal, restriction, or administrative sanction under 28 U.S.C. §§ 352–354 unless that action complies fully with Rules 4, 6, 10, 11, and 19;

6. **Alternative First Amendment Relief** — In the alternative, declare that if the June 27, 2025 filing restriction was validly imposed under 28 U.S.C. §§ 352–354 and the Judicial Conduct Rules, then the statute and Rules, as applied to Plaintiff, violate the First Amendment and are unconstitutional in this application;

7. **Other Relief** — Grant such other and further relief as the Court deems just and proper.

## VIII. Conclusion

Plaintiff respectfully requests that the Court grant preliminary relief to stop enforcement of the June 27, 2025 restriction, restore his access to the misconduct complaint process, and declare that no alternative remedy exists.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 N. Reading Road, F-246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

August 13, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

> Sarah Hyser-Staub PA I.D. No. 315989
> Lauren Anthony, PA I.D. No. 324557
> 100 Pine Street
> P.O. Box 1166
> Harrisburg, PA 17108-1166
> 717-232-8000
> sstaub@mcneeslaw.com
> lanthony@mcneeslaw.com
>
> *Attorneys for Defendants*

> Respectfully Submitted,
>
> */s/ Michael Miller*
> MICHAEL MILLER
> 108 N. Reading Rd., Ste F, 246
> Ephrata, Pennsylvania 17522
> (717) 388-0163
> reaganfive@protonmail.com

Dated: August 13, 2025