UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>*Plaintiff*,<br><br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>*Defendants*. | Civ. No. 5:25-cv-04633-JFL |

**[PROPOSED] ORDER**

**GRANTING PRELIMINARY INJUNCTION**

AND NOW, this ___ day of _____, 2025, upon consideration of Plaintiff's Motion for Preliminary Injunction, the supporting exhibits, and the record, the Court FINDS:

1. On June 27, 2025, the Judicial Council of the United States Court of Appeals for the Third Circuit issued an order restricting Plaintiff from filing judicial misconduct complaints under 28 U.S.C. §§ 351–354.

2. The order cited Rule 10 of the Judicial Conduct and Disability Rules but did not make findings of "repetitious, harassing, or frivolous" complaints, cite record evidence, disclose a Council vote, or provide a reasoned written explanation as required by Rules 10(a)–(c), 11(c), and 19(b), (d), (f).

3. The restriction remains in force, blocks Plaintiff's access to the only statutory process for reporting judicial misconduct, and followed Plaintiff's protected petitioning activity.

1

4. Plaintiff has shown a likelihood of success on the merits, irreparable harm absent relief, that the balance of equities favors relief, and that an injunction serves the public interest in lawful and accessible judicial oversight.

It is therefore ORDERED:

1. Enjoin Enforcement — Defendants, including the Judicial Council of the United States Court of Appeals for the Third Circuit and all officials acting in their official capacity, are ENJOINED from enforcing the June 27, 2025 filing restriction;

2. Restore Access — Defendants shall restore Plaintiff's access to the judicial misconduct complaint process as defined by 28 U.S.C. §§ 351–354 and the Judicial Conduct and Disability Rules;

3. Bar Reliance on Void Orders — Defendants shall not treat the February 26, May 13, or June 27, 2025 orders as final or binding under 28 U.S.C. § 357(c), nor use those orders to bar Plaintiff from statutory access to the misconduct complaint process;

4. Adjudicate Pending Complaints Lawfully — Defendants shall not close or decline to adjudicate Plaintiff's pending verified complaints unless and until they comply with all mandatory statutory and procedural requirements under 28 U.S.C. §§ 352–354 and the Judicial Conduct and Disability Rules;

5. Comply with Rules in Future Proceedings — Defendants shall not issue or enforce any future dismissal, restriction, or administrative sanction under 28 U.S.C. §§ 352–354 unless that action complies fully with Rules 4, 6, 10, 11, and 19;

6. Other Relief — Such other and further relief is GRANTED as the Court deems just and proper.

SO ORDERED.

United States District Judge