UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MILLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 25-cv-4633 |
| | : | |
| JUDICIAL COUNCIL OF THE | : | |
| UNITED STATES COURT OF | : | |
| APPEALS FOR THE THIRD CIRCUIT, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

**O R D E R**

**AND NOW**, this 14th day of August, 2025, upon consideration of Plaintiff Michael Miller's *pro se* Complaint (ECF No. 1) it is **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

---

[1] Michael Miller filed a Complaint asking this Court to grant him declarative and injunctive relief to hold void a decision, entered by the Acting Chief Judge of the United States Court of Appeals for the Third Circuit and affirmed by the Judicial Council of the United States Court of Appeals for the Third Circuit, barring him from filing additional claims of judicial misconduct. *See* Compl. at 3-4. Miller had apparently filed several complaints asserting judicial misconduct pursuant to 28 U.S.C. § 351. *Id*. Miller has been barred from filing additional claims of judicial misconduct under Rule 10 of the Rules for Judicial Conduct and Judicial Disability Proceedings governing abusive complaints. *Id*.

With regard to claims of judicial misconduct, 28 U.S.C. § 352(c) provides that a "denial of a petition for review of the chief judge's order shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." Because judicial review of the decision Miller seeks to attack, the Judicial Council's denial of review of the Acting Chief Judge's order, is not available, his Complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). *See also Ponton v. U.S. Court of Appeals*, No. 10-2213, 2011 WL 1045035, at *3 (E.D. Pa. Mar. 22, 2011) ("To recognize Plaintiff's claim of a right to prosecute a disciplinary case against a judicial officer

2.	The Clerk of Court is **DIRECTED** to **CLOSE** this case and terminate all motions.[2]

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**

---

would be to convert a general procedural statute for court administration into a private right of action, which is something the Congress has not done in 28 U.S.C. § 351, *et seq*.").

[2] Miller has moved for recusal of all Judges of the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 455(a) or, in the alternative, the transfer of this case to a different court. *See* ECF No. 3. "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias. . . . Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions*, 148 F.3d 283, 343 (3d Cir. 1998) (internal quotations omitted); *see Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). As no reasonable and objective observer would harbor doubt about any judge's impartiality to determine that dismissal of this case for want of jurisdiction is required, the motion is denied.

Miller also moved for a preliminary injunction. ECF No. 4. Because the Court lacks jurisdiction, it cannot grant this relief.