UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER<br><br>    *Plaintiff*,<br>v.<br><br>JUDICIAL COUNCIL OF THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;<br>JUDGE THOMAS M. HARDIMAN, in his official capacity;<br>JUDGE PATTY SHWARTZ, in her official capacity,<br><br>    *Defendants*. | Civ. No. 5:25-cv-04633-JFL |

# PLAINTIFF'S COMBINED MOTION TO ALTER OR AMEND JUDGMENT (ECF 7) UNDER RULE 59(e) AND FOR AMENDED OR ADDITIONAL FINDINGS UNDER RULE 52(b)

**INTRODUCTION AND PROCEDURAL NOTICE**

Plaintiff files this motion pursuant to Fed. R. Civ. P. 59(e) and 52(b) within 28 days of the Court's August 14, 2025 judgment (ECF 7). Under Fed. R. Civ. P. 5(d)(4), "[t]he clerk must not refuse to file a paper solely because it is not in the proper form," and a Rule 59(e) or 52(b) motion is expressly authorized after judgment even when the docket is administratively marked "CLOSED." Timely filing of this motion suspends the finality of the judgment for purposes of appeal under Fed. R. App. P. 4(a)(4)(A). The Court is therefore required to accept and docket this motion.

**Summary of Argument**

The judgment should be vacated because the Court applied the wrong standard in a sua sponte

1

Rule 12(h)(3) dismissal. The June 27, 2025 Judicial Council action challenged in this case is a Rule 10(a) administrative sanction, not a § 352(c) merits dismissal. Under *Constitution Party of Pa. v. Aichele*, a sua sponte jurisdictional ruling before any answer is "by definition" a facial attack, which requires accepting the complaint's allegations as true and construing them in the plaintiff's favor. By reclassifying the sanction as a merits "petition denial" and rejecting well-pleaded allegations to defeat jurisdiction, the Court conflated the merits with jurisdiction in violation of *Bell v. Hood*. These procedural errors are compounded by the fact that the presiding judge is himself the subject of several underlying misconduct complaints, creating a reasonable question of impartiality under 28 U.S.C. § 455(a).

**LEGAL STANDARD**

Rule 59(e) permits alteration or amendment of a judgment to correct clear legal error, prevent manifest injustice, or address overlooked controlling authority. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Rule 52(b) authorizes amended or additional findings within 28 days to clarify the factual and legal basis for judgment.

**GROUNDS FOR RELIEF**

**I. Judge Leeson Misapplied § 352(c) Finality.**

Section 352(c)'s "final and conclusive" language applies only to a petition for review of a Chief Judge's order issued in compliance with §§ 352–354 and the Judicial Conduct and Disability Rules. Plaintiff's verified complaints and the Council's actions, as documented in the Master Document Index, show repeated departures from mandatory procedures — including the absence of any factual inquiry, failure to appoint a special committee, and omission of written

2

Council findings required by Rule 19. These are "clear and mandatory" statutory commands, and procedural noncompliance voids "finality."

Where, as here, the Judicial Council acts "in excess of its delegated powers and contrary to a specific prohibition in the Act," federal district courts retain jurisdiction "to strike down" such an order. *Leedom v. Kyne*, 358 U.S. 184, 188–89 (1958). The Rule 10 restriction was "an attempted exercise of power that had been specifically withheld" by §§ 352–354 and the Judicial Conduct Rules, depriving Plaintiff of a statutory "right" to file verified misconduct complaints. Id. at 189.

As *Leedom* explains, "[i]f the absence of jurisdiction of the federal courts meant a sacrifice or obliteration of a right which Congress had created, the inference would be strong that Congress intended the statutory provisions governing the general jurisdiction of those courts to control." Id. at 190. Here, "there is no other means, within [Plaintiff's] control, to protect and enforce that right." Id. This Court "cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers." Id. at 190–91.

The Judicial Council's imposition of a Rule 10 restriction without Council vote, record findings, or compliance with Rules 4, 6, 10, and 19 fits squarely within *Leedom*'s ultra vires exception. Such action is "plainly… an attempted exercise of power that had been specifically withheld," and the district court has jurisdiction "to prevent deprivation of a right so given." Id. at 189.

---

**II. Independent Constitutional Claims Are Judicially Reviewable.**

3

Even where Congress precludes review of certain statutory claims, "*where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear.*" *Webster v. Doe*, 486 U.S. 592, 603 (1988) (citing *Johnson v. Robison*, 415 U.S. 361, 373–374 (1974); *Weinberger v. Salfi*, 422 U.S. 749 (1975)). The Supreme Court requires this "*heightened showing*" in part to avoid the "*serious constitutional question*" that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim. *Id.* (quoting *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 681 n.12 (1986)).

Section 352(c) contains no such clear statement. Nothing in its text mentions constitutional claims, much less expresses an intent to bar them. As *Webster* held in an analogous context, although the statute there "*does commit [termination] decisions to the Director's discretion, and precludes challenges to these decisions based upon the statutory language, … nothing in [the statute] persuades us that Congress meant to preclude consideration of colorable constitutional claims* … a constitutional claim … may be reviewed by the District Court." 486 U.S. at 604.

Plaintiff's First Amendment petition-clause and Fifth Amendment due process claims arise from the imposition of a Rule 10 filing restriction — an administrative sanction — without Council vote, findings, or adherence to the procedural safeguards in §§ 352–354 and Judicial Conduct Rules 4, 6, 10, and 19. Denying judicial review here would leave Plaintiff without any forum to vindicate those constitutional rights, producing exactly the "serious constitutional question" *Webster* cautions against. Under the clear-statement rule, this Court retains jurisdiction over these claims notwithstanding § 352(c).

**III. The Judicial Council's June 27, 2025 Rule 10(a) Order Is an Administrative Sanction, Not a Merits Dismissal, and the Court Applied the Wrong Standard for a Sua Sponte Facial Jurisdictional Ruling**

This motion challenges only whether the well-pleaded allegations of the complaint, taken as true, establish subject-matter jurisdiction—not whether Plaintiff will ultimately prevail. The June 27, 2025 Judicial Council action was a Rule 10(a) administrative restriction, not a § 352(c) merits dismissal. By sua sponte reclassifying that action as a merits "petition denial" and rejecting Plaintiff's allegations to defeat jurisdiction, the Court conflated the jurisdictional inquiry with the merits. Under *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–60 (3d Cir. 2014), a sua sponte Rule 12(h)(3) dismissal before any answer is "by definition" a facial attack, which requires accepting the complaint's allegations as true and construing them in Plaintiff's favor. *Bell v. Hood*, 327 U.S. 678, 682 (1946), confirms that jurisdiction is not defeated by the possibility that the claim fails on the merits. The Court's departure from that standard is an independent ground to vacate the dismissal.

The complaint alleges that the Judicial Council's Rule 10(a) order prohibits Plaintiff from filing future judicial misconduct complaints. Rule 10(a) allows such a restriction only if the Council votes for it, identifies specific abusive conduct, and follows Judicial Conduct Rules 4, 6, 10, and 19. The complaint fairly alleges that none of these prerequisites occurred. That makes the restriction an administrative penalty, not the dismissal of any misconduct complaint on the merits. Section 352(c)'s "final and conclusive" bar applies only to the denial of a petition for review of a merits dismissal—not to a separate, ultra vires administrative sanction imposed without statutory authority.

Ultra vires agency acts are reviewable notwithstanding statutory preclusion. In *Leedom v. Kyne*, 358 U.S. 184, 188–89 (1958), the Supreme Court held that district courts have jurisdiction "to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition" of the governing statute, because otherwise "there is no other means, within their control, to protect and enforce that right." Here, the well-pleaded allegations describe a restriction imposed "in excess of delegated powers" and contrary to the mandatory limits of Rule 10(a).

Moreover, under *Webster v. Doe*, 486 U.S. 592, 603–04 (1988), even when Congress commits certain agency decisions to discretion, courts will not construe a statute to preclude judicial review of "colorable constitutional claims" absent a clear statement of intent. Plaintiff alleges both statutory and constitutional violations from the Council's ultra vires restriction, and *Webster* confirms those claims are reviewable.

Here, the Court acted under Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") on its own initiative, before any answer was filed and without any competing facts. Under *Constitution Party*, such a ruling is "by definition, a facial attack" because it occurs "before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." In a facial jurisdictional review, "the court must only consider the allegations of the complaint … in the light most favorable to the plaintiff" and "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Id. The "facial attack does offer … safeguards to the plaintiff: the court must consider the allegations of the complaint as true." Id. at 359 (quoting *Mortensen*).

Instead, Judge Leeson sua sponte reclassified the challenged action as an unreviewable "petition denial" under § 352(c) and stated he was "not persuaded" by Plaintiff's allegations—exactly the kind of merits-based fact-finding that *Constitution Party* holds "the District Court was not entitled to undertake" in a facial jurisdictional ruling. Id. at 360. By rejecting those allegations to defeat jurisdiction, the Court conflated the jurisdictional inquiry with the merits, contrary to *Bell v. Hood*, 327 U.S. at 682 ("Jurisdiction… is not defeated… by the possibility that the averments might fail to state a cause of action").

This procedural error is particularly acute because the underlying judicial misconduct complaints against Judge Leeson challenge this same type of jurisdictional "shell game"—mischaracterizing a claim on its face to avoid addressing its substance, contrary to the well-pleaded complaint rule and the safeguards of a facial Rule 12(b)(1) review. The recurrence of that tactic here underscores both the plausibility of Plaintiff's allegations and the need for a proper jurisdictional analysis and recusal.

---

**IV. *Ponton* Is Nonprecedential and Factually Distinguishable.**

Judge Leeson's reliance on *Ponton v. U.S. Court of Appeals*, No. 10-2213, 2011 WL 1045035 (E.D. Pa. Mar. 22, 2011), is misplaced. Ponton was a § 1915(e) in forma pauperis screening dismissal for lack of standing; it did not involve a prospective filing ban, did not raise constitutional claims, and did not apply § 352(c). Plaintiff here alleges ongoing injury, seeks prospective injunctive relief, and frames claims in constitutional and ultra vires terms.

---

**V. Additional Findings and Substantive Recusal Argument**

Plaintiff respectfully requests amended or additional findings on the following issues:

7

1. Whether the trial judge considered Plaintiff's constitutional claims as independent from any statutory petition for review.

2. Whether the Rule 10 restriction constitutes a "petition denial" under § 352(c) or a separate administrative sanction.

3. The factual basis for concluding that no reasonable observer would question impartiality under 28 U.S.C. § 455(a), given that the presiding judge, Joseph F. Leeson, Jr., is himself the subject of multiple verified judicial misconduct complaints forming part of the underlying record challenged in this action.

This latter point warrants not only a finding but also recusal as a matter of law. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test is whether an objective, fully informed observer would doubt the judge's ability to remain impartial. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). This standard is easily met where the presiding judge's own conduct is the subject of the administrative orders under challenge.

Here, Judge Leeson is a named subject of several of the verified judicial misconduct complaints whose dismissal and affirmance by the Judicial Council are central to this case. The relief sought — vacating those affirmances, voiding the resulting Rule 10 restriction, and compelling statutory compliance — would necessarily undermine Council decisions shielding him from investigation and possible sanction. That direct personal interest creates at minimum the appearance of partiality and raises due process concerns. See *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301–02 (3d Cir. 2004) (structural entanglements require recusal); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009) (Due Process requires recusal where circumstances create a serious risk of actual bias).

Further compounding the appearance of bias, Plaintiff alleges—and the record in prior proceedings reflects—that Judge Leeson has repeatedly engaged in jurisdictional mischaracterizations to defeat review in Plaintiff's cases, including the March 7, 2025 Memorandum and Order in *Miller v. County of Lancaster*, No. 5:24-cv-05338 (E.D. Pa.), ECF Nos. 35–36, where he applied both Rule 12(b)(1) and 12(b)(6) to the same facial counts without following the *Mortensen* standard and after disclaiming jurisdiction. He employs this same tactic—recasting well-pleaded claims to avoid review—reinforcing the reasonable perception that he cannot adjudicate this matter impartially

Because recusal is mandatory in these circumstances, the August 14, 2025 dismissal order is invalid and should be vacated. Failure to recuse under these facts is an independent ground for altering or amending the judgment under Rule 59(e).

---

**VI. Manifest Injustice Warrants Relief.**

Dismissing this case without reaching the constitutional and ultra vires claims leaves Plaintiff without any judicial forum to challenge a restriction that indefinitely forecloses a statutory right to file misconduct complaints, chilling protected petitioning activity.

---

**Relief Requested**

For the reasons set forth above, Plaintiff respectfully requests that the Court:

1. **Vacate** the August 14, 2025 dismissal order (ECF 7) and judgment under Fed. R. Civ. P. 59(e) and 52(b);

2. **Amend or make additional findings** clarifying that:

    a. Plaintiff's constitutional claims are independent of any statutory petition for review;

9

    b. The Judicial Council's June 27, 2025 Rule 10(a) order constitutes an administrative sanction, not a § 352(c) "petition denial"; and

    c. The record establishes a reasonable basis to question the impartiality of the presiding judge under 28 U.S.C. § 455(a);

3. **Disqualify** Judge Joseph F. Leeson, Jr. from further participation in this case pursuant to 28 U.S.C. § 455(a) and (b), and

4. **Reassign** the case to a different district judge for all further proceedings;

5. Upon reassignment, **reopen** the case for consideration of Plaintiff's claims on the merits under the correct standard for a facial jurisdictional review; and

6. Grant such other and further relief as the Court deems just and proper.

---

Respectfully submitted,<br>
*/s/ Michael Miller*<br>
Michael Miller<br>
108 N. Reading Road, F, 246<br>
Ephrata, Pennsylvania 17522<br>
reaganfive@protonmail.com<br>
717-388-0163

Dated: August 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the parties as needed for this response through the clerk's office:

Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
717-388-0163

Dated: August 15, 2025

11