# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MILLER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 25-cv-4633 |
| | : | |
| **JUDICIAL COUNCIL OF THE** | : | |
| **UNITED STATES COURT OF** | : | |
| **APPEALS FOR THE THIRD CIRCUIT,** | : | |
| *et al.*, | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 18th day of August, 2025, upon consideration of Plaintiff Michael Miller's "Combined Motion to Alter or Amend Judgment Under Rule 59(e) and for Amended or Additional Findings under Rule 52(b)," ECF No. 8, it is **ORDERED** that the Motion is **DENIED**.[1]

---

[1] In an Order filed August 14, 2025, ECF No. 7, the Court dismissed Miller's Complaint pursuant to 28 U.S.C. § 352(c) for lack of subject matter jurisdiction because his claims asked this Court to hold void a sanctions decision, entered by the Acting Chief Judge of the United States Court of Appeals for the Third Circuit and affirmed by the Judicial Council of the United States Court of Appeals for the Third Circuit, barring him from filing additional claims of judicial misconduct. *See* Compl., ECF No. 1, at 3-4. Dismissal was required because § 352(c) provides that a "denial of a petition for review of the chief judge's order shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." Miller's pending Motion, filed the next day, argues that the Court erred in dismissing the Complaint because the Judicial Council action he challenges is an administrative sanction, not a merits dismissal. There was no error in dismissing the case.

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, which must be filed no later than 28 days after the entry of judgment, should be granted only where the moving party shows that at least one of the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

　　Miller argues the Court erred because in *Leedom v. Kyne*, 358 U.S. 184 (1958), the United States Supreme Court stated that if "the absence of jurisdiction of the federal courts meant a sacrifice or obliteration of a right which Congress had created, the inference would be strong that Congress intended the statutory provision governing the general jurisdiction of those courts to control." *Id*. at 190 (quotation omitted).  Referring to the Judicial Council's sanction order barring him from filing additional complaints of judicial misconduct, Miller argues that federal district courts retain jurisdiction to strike down an order where the entity that issued it acts "in excess of its delegated powers and contrary to a specific prohibition in the Act."  ECF 8 at 3 (quoting *Leedom*, 358 U.S. at 188).  He argues that the Judicial Council's imposition of a sanction fits within *Leedom*'s *ultra vires* exception.  *Id*.  But this Court had no jurisdiction to retain, and Congress created no statutory right that Miller may seek to vindicate.  In fact, Congress specifically withdrew any jurisdiction to review an order of the Judicial Council when it drafted § 357(c) to bar judicial review "on appeal or otherwise." 28 U.S.C. § 357(c). Miller cites no authority to indicate that a petition for review of a chief judge's sanctions order is any different from a petition to review a merits decision for purposes of the bar of § 357(c).  Rather, his own citation to *Webster v. Doe*, 486 U.S. 592 (1988), purportedly to support his alternate argument that this Court erred in dismissing his constitutional claims as well, shows the opposite conclusion must be drawn.  In *Webster*, the Court held that "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear."  *Id*. at 603 (citing *Johnson v. Robinson*, 415 U.S. 361, 373-74 (1974).  Congress's statement in § 357(c) is an unqualified expression that the Judicial Council's decision is not subject to further judicial review.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.").

　　Neither did the Court err in dismissing any constitutional claim.  In essence, Miller asks this Court to find that the Circuit Judges of the Court of Appeals acted unconstitutionally.  As the Third Circuit said in a different context, "[f]or us to resolve [the issue] is to distort our function in the hierarchy of the federal courts." *In re Solar Mfg. Corp.*, 206 F.2d 780, 781 (3d Cir. 1953). Even if jurisdictional and structural issues were not present, the Third Circuit has suggested that federal judges are immune to claims for injunctive relief as well as claims for money damages. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (stating "because the injunctive relief sought by Azubuko does not address the actions of Judge Royal other than in his judicial capacity, his claim for injunctive relief is barred"); *Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (citing *Azubuko* and holding that district court judge did not abuse his discretion in *sua sponte* dismissing injunctive claims against the United States and four federal judges); *Hurst v. Dalzell*, No. 05-6101, 2006 WL 8459833, at *1 (E.D. Pa. Apr. 26, 2006) (noting that other circuits agree that judicial immunity bars injunctive relief against a federal judge).  Accordingly, dismissing Miller's constitutional claims against the Judicial Council and two Circuit Judges was also not error.